## SUPREME COURT.

SOPHIA JOSEPHINE ANABLE, an infant, by HIRAM W. DIXON, her guardian agt. JOHN C. ANABLE.

In an action for *divorce for adultery* by an infant plaintiff, the complaint is properly *verified by her guardian.* But the defendant may put in his answer *without verification.* Under the statute, he can not be compelled to be a witness in any case where he would be exposed to a *penalty or forfeiture.*

*Albany Special Term, November*, 1861.

THIS is an action by the complainant for a divorce from her husband on the ground of adultery of defendant, and plaintiff moves for a reference on the ground that defendant has made default. The complaint is on oath, and defendant has put in an answer without oath, claiming the right to do so. Plaintiff returned the answer because it was not verified. The complaint was sworn to by the guardian, and not by the infant.

    C. P. COLLIER, *for motion.*
    JOHN GAUL, JR., *opposed.*

PECKHAM, Justice. The first objection to this motion, that the complaint is not properly verified, being by the guardian instead of the infant, is not well founded. For this purpose, the guardian may be regarded as *the* plaintiff or *a* plaintiff. He is so as to the general proceedings in the cause. (*Hill agt. Thacter*, 3 *How.*, 407; *Van Santvoord's Pr.*, 374; *V. S. Eq. Pr.*, 111; *Whittaker's Pr.*, vol. 1, p. 333.) He verifies it in such case as a *party*, not as *agent* or *attorney* of the party.

It is next objected that the defendant is not compelled to be a witness, and cannot be compelled, therefore, to verify his answer. That he is privileged from testifying as

a witness. I think this objection is well taken. It is provided by statute, that a witness shall not be required to " give any answer which will have a tendency to accuse him of any crime or misdemeanor, or to *expose* him to any penalty or forfeiture." (2 *R. S.*, 405, § 90 [§ 71.]) This is substantially the common law. (*People* agt. *Mather*, 4 *Wend.*, 230 ; *Sweet* agt. *Sweet*, 15 *How.*, 169, *and cases there cited.*) The loss of an estate in lands is a penalty or forfeiture within the meaning of this prohibition. By the act of 1860, if a wife die intestate, the husband will have the right to hold and enjoy all real estate left by his wife, till the youngest child becomes of age, and a life estate in one-third thereof thereafter ; a life estate in one-third in any event, whether she die intestate or with or without children. (*Laws* 1860, *p.* 169, §§ 10, 11.) If his testimony " will have a tendency to expose him to a forfeiture" of this right, then he cannot be required to be a witness or to verify his answer. It is said, and perhaps correctly, that the statute which bars a wife's dower for adultery, does not apply to the husband, (3 *R. S.*, *5th ed.*, 237, § 61,) and at common law adultery does not work a forfeiture. (*Reynolds* agt. *Reynolds*, 24 *Wend.*, 193.) But the Revised Statutes expressly provide that upon the dissolution of the marriage contract, at the instance of the wife for the husband's adultery, all her real estate, goods or things in action, however obtained, " shall be her sole and absolute property." (2 *R. S.*, *5th ed.*, 237, § 59 [§ 46.]) This provision is entirely equal to the provision as to the forfeiture by the wife. It is left untouched and unrepealed by the new provisions for the husband by the act of 1860. It is insisted that a husband is compelled to testify, though his testimony will degrade him if it be material to the issue. This is true, probably, but has no application to testimony that may expose to a forfeiture. It is also insisted that the act of 1860 makes husband and wife competent as witnesses in

cases of this character. Different courts have so held, and I think correctly. But they are competent witnesses against the other party, or in their own behalf, but cannot be compelled to testify, for the reason before given. It is also said that it does not appear that the wife has any property which the husband can forfeit. It is probably unnecessary that it should affirmatively appear she may or may not have property. Certainly she may earn or inherit it. It is enough that his testimony will have a tendency to " *expose him to a forfeiture.*" The act of 1854 provides that " the verification of any pleading may be omitted where the party called upon to verify would be privileged from testifying as a witness to the truth of any matter denied by such pleading." (*Laws of* 1854, *p.* 153.)

If I am right, the defendant is privileged in this case from testifying. It follows that the answer was regular without a verification. The question being new under the present law, the motion is denied without costs.